# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAUN T. MORAN, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SIEMENS INDUSTRY, INC., )<br>)<br>Defendant. )<br>) | Civil Action No.: |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332(a), 1441 and 1446 and Local Rule 81.1, Defendant Siemens Industry, Inc. ("Siemens") hereby removes the civil action captioned *Shaun T. Moran v. Siemens Industry, Inc.*, Civil Action No. 13-4478 (the "Action"), from the Middlesex Superior Court Department of the Trial Court for the Commonwealth of Massachusetts (the "Middlesex Superior Court") to the United States District Court for the District of Massachusetts. Removal is based upon the following:

1. This Notice of Removal is timely under 28 U.S.C. §1446(b). Siemens was formally served with a copy of Plaintiff Shaun T. Moran's ("Plaintiff") Complaint on October 29, 2013.

2. True and accurate copies of the Complaint, Summons, Civil Action Cover Sheet and Scheduling Order are attached hereto as ***Exhibit A***, and constitute all process, pleadings and orders served upon Siemens to date in the Action. Certified copies of all records and proceedings filed with the Middlesex Superior Court in the Action, along with a certified copies of all docket entries, will be provided to this Court pursuant to Local Rule 81.1,.

3. This Court possesses diversity jurisdiction over this civil action pursuant to

28 U.S.C. § 1332(a) because Siemens and Plaintiff are citizens of different states. More specifically, Plaintiff is a citizen of Massachusetts, and Siemens is incorporated in the state of Delaware and maintains a principal place of business in Illinois. Additionally, Plaintiff has asserted that the amount in controversy is more than $90,000.

4. Plaintiff's Complaint also is properly removed under the doctrine of federal labor law preemption. While Plaintiff's Complaint purports to assert a state law claim under the Massachusetts Workers' Compensation Statute, M.G.L. c. 152, § 75B, because his employment was governed by a collective bargaining agreement, any such action is completely preempted by Section 301(a) of the Labor Management Relations Act, 29 U.S.C. § 185(a).

5. Venue in this District is proper pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391.

6. Pursuant to 28 U.S.C. §1446(d), Siemens has contemporaneously filed the Notice to State court of Filing of Notice of Removal attached hereto as *Exhibit B* with the Clerk of the Middlesex Superior Court, and contemporaneously served both Notices on Plaintiff's counsel.

Respectfully submitted,

SIEMENS INDUSTRY, INC.
By its attorneys,

/s/ Steven D. Weatherhead
Kenneth M. Bello, BBO# 036630
Steven D. Weatherhead, BBO # 6376041
Bello Black & Welsh LLP
125 Summer Street, Suite 1200
Boston, Massachusetts 02110
(617) 247-4100
kbello@belloblack.com
sweatherhead@belloblack.com

Dated: November 13, 2013

## CERTIFICATE OF SERVICE

I, Steven D. Weatherhead, hereby certify that on November 13, 2013, I served the foregoing *Notice of Removal* by email and first class mail to:

Maria Mancini Scott, Esq.
Keches Law Group, P.C.
122 Dean Street
Taunton, MA 02780
mscott@kecheslaw.com

/s/ Steven D. Weatherhead
Steven D. Weatherhead