TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 13-4478

......MIDDLESEX......., ss

SHAUN T. MORAN............, Plaintiff(s)

v.

SIEMENS INDUSTRY, INC...., Defendant(s)

## SUMMONS

To the above-named Defendant: SIEMENS INDUSTRY, INC.

You are hereby summoned and required to serve upon ..MARIA MANCINI SCOTT..............

..KECHES LAW GROUP, P.C.,......... plaintiff's attorney, whose address is ..122 Dean Street..........

..Taunton, MA 02780............................................., an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at ..Woburn..........

.................................................. either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at .....................................................

the ..eighteenth.................. day of ..October.............................

..2013........., in the year of our Lord ...................... .

A true copy Attest:
Deputy Sheriff Suffolk County.

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP.— 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..............................................................................................................................................
..............................................................................................................................................
..............................................................................................................................................

..............................................................................................................................................

Dated: ........................................................................................................, 20..........

**N.B. TO PROCESS SERVER:**
  PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
  ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )
( ......................................, 20......... )
( _____ )

---

**COMMONWEALTH OF MASSACHUSETTS**

MIDDLESEX........, ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 13-4478

SHAUN T. MORAN..............., Plff.

v.

SIEMENS INDUSTRY, INC..............., Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                            SUPERIOR COURT DEPARTMENT
                                                         CIVIL ACTION NO.:

```
_____
                                )
SHAUN MORAN,                    )
      Plaintiff                 )
                                )
v.                              )
                                )
SIEMENS INDUSTRY, INC.          )
      Defendant.                )
_____)
```

## COMPLAINT AND JURY DEMAND

### PARTIES

1. The Plaintiff, Shaun Moran, is an individual who resides in Arlington, Middlesex County, Massachusetts.

2. The Defendant, Siemens Industry, Inc., is a foreign corporation that, at all relevant times, conducted business located in Cambridge, Middlesex County, Massachusetts.

### FACTS

3. Plaintiff is a 46 year old. He is a licensed journeyman pipefitter.

4. In or about July 2000, Defendant hired Plaintiff to work at the Harvard School of Public Health,("Harvard") in Cambridge, Massachusetts. Defendant had a contract with Harvard to provide building services, including pipefitting work.

5. On or about January 9, 2009, Plaintiff injured himself at work when he slipped and fell on an icy surface. Plaintiff's injury prohibited him from working for approximately two years. Plaintiff applied for and received workers' compensation benefits for the time period for which he was unable to work.

6. On or about February 12, 2010, Defendant terminated Plaintiff. Plaintiff was out of work collecting workers' compensation benefits when he was terminated. Defendant deemed Plaintiff's termination as a layoff, however, the individual whom was covering for Plaintiff during his workers' compensation leave, (Geno Flores) was not laid off from Defendant.

7. Plaintiff was the only employee terminated as part of Defendant's alleged reduction in force in or around February 2010.

8. Plaintiff informed Defendant that he believed that he was chosen for lay off because he was collecting workers' compensation benefits.

9. Thereafter, or about March 7, 2011, at the request of Harvard, Defendant rehired Plaintiff as a journeyman pipefitter. Defendant rehired Plaintiff to work 32 hours per week.

10. As part of his employment benefits, Defendant agreed to reimburse for his parking expenses related to his job. This was also a benefit Defendant provided to Plaintiff prior to his termination in February 2010.

11. On or about June 9, 2011, Plaintiff submitted to Defendant a letter and contract (the "contract") that provided information related to where Plaintiff parked his car and the cost associated with the parking.

12. Defendant refused to compensate Plaintiff for his parking expenses. Paul Berube, Plaintiff's direct supervisor, and Rick White, an Operations Manager for Defendant, whom had been involved in the decision to terminate Plaintiff in February 2010, informed Plaintiff that they found the contract suspicious and they needed actual receipts to compensate him for parking.

13. In the summer of 2011, Defendant investigated whether Plaintiff was parking pursuant to the contract. They concluded that Plaintiff was not parking where he claimed to park because his car was apparently not at the lot during work hours. However, Plaintiff informed Defendant that he had been using a different vehicle and assured Defendant that he was parking pursuant to his contract.

14. On or about November 23, 2011, Mr. White and Mr. Berube terminated Plaintiff. They told Plaintiff that he could not continue to work for Defendant because he had falsified receipts related to his parking.

15. Plaintiff did not falsify any documents related to his parking. The reason why Defendant terminated Plaintiff, twice, was because he filed a workers' compensation claim.

## COUNT I
### VIOLATION OF G.L. c 152 Sec 75B(2) - WORKERS' COMPENSATION RETALIATION

16. Plaintiff reavers the prior paragraphs as if they were set forth herein.

17. Defendant terminated Plaintiff's employment on two occasions because he initiated a claim for workers' compensation benefits. But for Plaintiff's reporting of his workplace injury, Plaintiff would not have been terminated on February 12, 2010 or November 23,

2011. The reasons given by Defendant for Plaintiff's termination, were a pretext

18. As a result of Defendant's termination of Plaintiff, Plaintiff has suffered financial losses in the form of lost wages and benefits and he has suffered emotional distress.

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in an amount to be determined by this litigation, together with interest, costs, and any other relief that this Court deems just and fit.

## REQUEST FOR A JURY TRIAL

Plaintiff, Shaun Moran, respectfully requests a trial by jury on all counts to the full extent permitted by law.

Shaun Moran,
By his attorney,

*[signature]*

Maria Mancini Scott, BBO #630722
Claudine Cloutier, BBO #631435
KECHES LAW GROUP, P.C.
122 Dean Street
Taunton, MA 02780
508-822-2000 (phone)
508-822-8022 (facsimile)
mscott@kecheslaw.com

Dated: October 8, 2013

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Mr. Shaun T. Moran | | DEFENDANT(S) Siemens Building Tech-Landis |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE (508) 822-2000 Maria Mancini Scott Keches Law Group, P.C. 122 Dean Street Taunton MA 02780 Board of Bar Overseers number: | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B99 | Wrongful Termination | ( F ) | [X] Yes   [ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ................................................. $..........
2. Total Doctor expenses ................................................... $..........
3. Total chiropractic expenses ............................................. $..........
4. Total physical therapy expenses ......................................... $..........
5. Total other expenses (describe) ......................................... $..........
   Subtotal $..........
B. Documented lost wages and compensation to date ............................ $ 90,000+..........
C. Documented property damages to date ....................................... $..........
D. Reasonably anticipated future medical and hospital expenses ............... $..........
E. Reasonably anticipated lost wages ......................................... $..........
F. Other documented items of damages (describe)
   $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Plaintiff was terminated because he filed a claim for and received workers' compensation benefits.

$..........
TOTAL $ 90,000+..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _MMK_       DATE: 10/7/13

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**CONTRACT**
- A01 Services, labor and materials (F)
- A02 Goods sold and delivered (F)
- A03 Commercial Paper (F)
- A08 Sale or lease of real estate (F)
- A12 Construction Dispute (A)
- A99 Other (Specify) (F)

**TORT**
- B03 Motor Vehicle negligence- personal injury/property damage (F)
- B04 Other negligence-personal injury/property damage (F)
- B05 Products Liability (A)
- B06 Malpractice-medical (A)
- B07 Malpractice-other(Specify) (A)
- B08 Wrongful death,G.L.c.229,s2A (A)
- B15 Defamation (Libel-Slander) (A)
- B19 Asbestos (A)
- B20 Personal Injury-Slip&Fall (F)
- B21 Environmental (A)
- B22 Employment Discrimination (F)
- B99 Other (Specify) (F)

**REAL PROPERTY**
- C01 Land taking (eminent domain) (F)
- C02 Zoning Appeal, G.L.c.40A (F)
- C03 Dispute concerning title (F)
- C04 Foreclosure of mortgage (X)
- C05 Condominium lien and charges (X)
- C99 Other (Specify) (F)

**EQUITABLE REMEDIES**
- D01 Specific performance of contract (A)
- D02 Reach and Apply (F)
- D06 Contribution or Indemnification (F)
- D07 Imposition of Trust (A)
- D08 Minority Stockholder's Suit (A)
- D10 Accounting (A)
- D12 Dissolution of Partnership (F)
- D13 Declaratory Judgment G.L.c.231A (A)
- D99 Other (Specify) (F)

**MISCELLANEOUS**
- E02 Appeal from administrative Agency G.L.c.30A (X)
- E03 Action against Commonwealth Municipality, G.L.c.258 (A)
- E05 All Arbitration (X)
- E07 c.112,s.12S (Mary Moe) (X)
- E08 Appointment of Receiver (X)
- E09 General contractor bond, G.L.c.149,s.29,29a (A)
- E11 Workman's Compensation (X)
- E14 Chapter 123A Petition-SDP (X)
- E15 Abuse Petition, G.L.c.209A (X)
- E16 Auto Surcharge Appeal (X)
- E17 Civil Rights Act, G.L.c.12,s.11H (A)
- E18 Foreign Discovery proceeding (X)
- E96 Prisoner Cases (F)
- E97 Prisoner Habeas Corpus (X)
- E99 Other (Specify) (X)

### TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY MAY RESULT IN DISMISSAL OF THIS ACTION.**

**Commonwealth of Massachusetts**
**County of Middlesex**
**The Superior Court**

CIVIL DOCKET # MICV2013-04478-J
Courtroom Civil J - Ct Rm 420 - 200 TradeCenter, Woburn

RE: Moran v Siemens Industry Inc.
TO:
    Maria Mancini Scott, Esquire
    Keches Law Group, P.C.
    122 Dean Street
    Taunton, MA 02780

## SCHEDULING ORDER FOR F TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated, and case shall be resolved and judgment shall issue **08/02/2015**.

### STAGES OF LITIGATION      DEADLINES

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | 01/09/2014 | 01/09/2014 | |
| Response to the complaint filed (also see MRCP 12) | | 02/08/2014 | |
| All motions under MRCP 12, 19, and 20 | 02/08/2014 | 03/10/2014 | 04/09/2014 |
| All motions under MRCP 15 | 02/08/2014 | 03/10/2014 | 04/09/2014 |
| All discovery requests and depositions served and non-expert depositions completed | 08/07/2014 | | |
| All motions under MRCP 56 | 09/06/2014 | 10/06/2014 | |
| Final pre-trial conference held and/or firm trial date set | | | 02/03/2015 |
| Case shall be resolved and judgment shall issue by **08/02/2015** | | | 08/02/2015 |

The final pre-trial deadline is <u>not the scheduled date of the conference.</u>
You will be notified of that date at a later time.
Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

'ated: 10/21/2013                                                           Michael A. Sullivan
                                                                                Clerk of the Court
elephone: 781-939-2781